## WOOD v. CENTRAL NEW ENGLAND RY. CO.

(Supreme Court, Appellate Division, Second Department.   June 12, 1908.)

MASTER AND SERVANT—PRECAUTIONS AGAINST INJURY—RAILROADS—DEATH OF
FLAGMAN—LIABILITIES.

    A brakeman on a passenger train, which was being moved backward and forward on a main line a car length in getting the engine in proper condition, was sent back to place torpedoes on the track to warn approaching trains, and, returning, was fatally injured by being struck by the rear of the train.   Owing to a snowstorm, a car could only be seen 50 feet away.   He could have avoided the train by stepping to one side of the track.   *Held,* that the company is not liable for his death, on the theory that it was negligent in not providing or enforcing a rule requiring a flagman to be stationed on the rear of the train while it was being backed, since decedent knew that the train was moving backward and forward, and, if the storm was so severe he could not see the train in time to avoid it, the flagman could not have seen him in time to avoid the accident.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 270.]

Appeal from Trial Term, Dutchess County.

Action for negligent death by Mary J. Wood, as administratrix of John C. Dooley, against the Central New England Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial granted.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Charles M. Sheafe, Jr., for appellant.
Charles Morschauser, for respondent.

MILLER, J.   This is an action to recover damages for the death of plaintiff's intestate, who was the brakeman of a train crew consisting of an engineer, fireman, conductor, baggageman, and brakeman.   The train consisted of an engine, baggage car, combination smoker and mail car, and a coach.   The accident occurred at the terminus of the line.   The train had arrived at that point the night before, and was due to start out at 8:05 the next morning.   In preparing to start it was necessary to turn the train on a Y.   The train was backed onto the main track preparatory to starting, and it was found that the pipes had frozen during the night.   In order to thaw out the pipes to get the engine in condition to work properly, the train was moved back and forth a distance of a car length. · While this was being done the deceased was sent back on the main track one-third of a mile to put torpedoes on the rails to warn any approaching train, and upon returning to his train he was struck by the rear coach and received injuries from which he died.   The wind was blowing, and it was snowing, so that a car could only be seen at a distance of about 50 feet.   The train had been moving backward and forward, as before stated, before the deceased went back to place the torpedoes.

The sole ground of liability submitted to the jury was the failure of the defendant to make reasonable rules applicable to the circum-

stances disclosed. It appeared that one of the defendant's rules provided:

"When a train is being pushed by an engine, except when shifting and making up trains in yards, a flagman must be stationed in a conspicuous position on the front of the leading car to immediately signal the engineman in case of danger."

There is some rather vague testimony to the effect that a rule was in force on other roads requiring that to be done under all circumstances when a train was being pushed by an engine. The exception in the defendant's rule was: "When shifting and making up trains in yards." It appears to have been assumed on the trial that the place of the accident was a yard; but a train was not being shifted or made up. The train had been shifted to the main track and was being moved backward and forward—"churned," as the witnesses say—for the purpose of getting the engine in condition to start on its trip. But, irrespective of whether the rule covered the case, it is difficult to perceive how the absence of the rule or its nonenforcement caused the accident.

The deceased knew that the train was moving backward and forward when he went back to place the torpedoes. If the storm was so severe that he could not see the train on his return in time to avoid it, it is impossible to understand how a man on the front of the leading car could have seen the deceased in time to signal the engineer. It appears that the track was in a cut at the place of the accident, but there was sufficient room for the deceased to step one side and avoid the train. If the absence or the nonenforcement of a rule was the cause of the accident, it must follow that the deceased was guilty of contributory negligence; and hence it is unnecessary to consider whether the evidence respecting the rule was sufficient to take the case to the jury.

The judgment and order must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.